J-S41019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK ALSTON | : | |
| | : | |
| Appellant | : | No. 3840 EDA 2017 |

Appeal from the PCRA Order October 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010385-2007

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 10, 2018**

Appellant, Malik Alston, appeals from the October 24, 2017 order denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background of this case is as follows.  On March 12, 2007, Clarence Franklin ("Franklin") died after being shot in front of Lee's Market.  A surveillance video from Lee's Market indicated that Lisa Pilgrim ("Pilgrim") witnessed the murder.  Based on Pilgrim's statement, and other evidence found at the scene, Appellant's brother, A'Dreese Alston ("Brother") was taken into custody.

During police questioning, Brother stated that Appellant shot Franklin in retaliation for Franklin and another man robbing Brother several weeks earlier.  Brother then admitted to firing twice after Brother shot Franklin.  Police later

_____

* Former Justice specially assigned to the Superior Court.

apprehended Appellant in possession of the firearm that was used to kill Franklin. Appellant gave a written statement to police in which he admitted to shooting Franklin.

The procedural history of this case is as follows. On November 13, 2008, Appellant was convicted of several offenses including, *inter alia*, first-degree murder. On February 6, 2009, the trial court sentenced him to an aggregate term of life imprisonment without the possibility of parole. This Court affirmed and our Supreme Court denied allowance of appeal. **Commonwealth v. Alston**, 6 A.3d 558 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 482 (Pa. 2011).

On May 20, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On October 24, 2017, the PCRA court held an evidentiary hearing. At the conclusion of that hearing, the PCRA court denied the petition. This timely appeal followed.[1]

Appellant presents two issues for our review:

1. [Did Appellant satisfy the newly-discovered fact exception to the PCRA's one-year time bar?]

2. Did [Brother] present credible evidence which exonerated [Appellant?]

---

[1] On December 13, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On January 20, 2018, Appellant filed his concise statement. On January 25, 2018, the PCRA court issued its Rule 1925(a) opinion. Both of Appellant's issues were included in his concise statement.

- 2 -

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court erred in concluding that he failed to satisfy the newly-discovered fact exception to the PCRA's one-year time bar. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc)* (cleaned up). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on July 5, 2011, at the expiration of the time for seeking review by the Supreme Court of the United States. *See* U.S. Sup. Ct. R. 13. Appellant's petition was filed over four years later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant failed to plead that he satisfied the newly-discovered fact exception to the PCRA's one-year time bar.[2]  To the contrary, in his amended PCRA petition, Appellant "aver[red] that this is a timely [] PCRA [p]etition."  Appellant's Amended PCRA Petition, 3/23/17, at 2; *see also* Brief in Support of Appellant's Amended PCRA Petition, 3/23/17, at 2 (Appellant "presented a timely [p]etition").  Moreover, in his brief, Appellant argues that the elements for after-discovered evidence were established, not

---

[2] Appellant averred in his petition that he was entitled to relief because of after-discovered evidence.  The newly-discovered fact exception to the PCRA's one-year time bar, however, is distinct from the PCRA's after-discovered evidence provision.  **Compare** 42 Pa.C.S.A. § 9545(b)(1)(ii) *with* 42 Pa.C.S.A. § 9543(a)(2)(vi); *see Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citations omitted).  Proving that there is after-discovered evidence does not *ipso facto* mean that a petitioner has satisfied the newly-discovered fact exception to the PCRA's timeliness requirement.

that the factors for the PCRA newly-discovered fact exception under section 9545(b)(1)(ii) were established. Appellant's Brief at 7-8. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. **_See_**

**_Commonwealth v. Derrickson_**, 923 A.2d 466, 468-469 (Pa. Super. 2007), _appeal denied_, 934 A.2d 72 (Pa. 2007). As Appellant did not plead the applicability of a timeliness exception in his amended petition, the PCRA court properly held that it lacked jurisdiction to reach the merits of the petition.[3]

Order affirmed.

_____

[3] Even if Appellant had properly pled the newly-discovered fact exception, he would not have been able to meet the requirements for this exception. "The newly-discovered fact exception has two components which must be alleged and proved. Namely, the petition must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these components, then the PCRA court has jurisdiction over the claim under [section 9545(b)(1)(ii)]." **Brown**, 141 A.3d at 500 (citations omitted). As the PCRA court aptly noted, Appellant cannot prove that the facts upon which Appellant's claim was predicated were unknown since Brother's testimony during the PCRA hearing clearly established that Brother and Appellant knew about Khaleef Laws ("Laws"), the alleged shooter, at the time of the trial. PCRA Court Opinion, 1/25/18, at 4-5. Additionally, Appellant would have known that Brother was lying when he testified during the trial that Laws was the shooter, since Brother and Appellant concocted the story to tell the police that they were at the scene, that Appellant was the shooter, and that they would not mention Law. **Id.** at 3. Accordingly, the first component for the newly-discovered fact exception cannot be established.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/18